## Case No. 12,712.

### SHARPLESS v. KNOWLES.

[2 Cranch, C. C. 129.] [1]

Circuit Court, District of Columbia. Dec. Term, 1816.

BAIL—RIGHT TO TAKE DEBTOR.

Bail, in Pennsylvania, may follow their principal into the District of Columbia, and there take him out of custody of the person who has become bail for him in that district; and if the principal be brought into the circuit court of that District to be surrendered to the marshal, he will be ordered by the court to be delivered up to the Pennsylvania bail.

On the 18th of January, 1817, the following entry was made upon the minutes of the circuit court of the District of Columbia, for the county of Washington: "John Okely, a citizen and inhabitant of the District of Columbia, having been arrested for debt in Philadelphia, in the state of Pennsylvania, by a writ from the court of Philadelphia county, Jesse Sharpless, a citizen of Pennsylvania, at the request of the said Okely, became his bail. The said John Okely afterwards came to the county of Washington, in the District of Columbia, where he was arrested for debt by a writ issued from the circuit court for that District, in which writ Henry Knowles, a citizen and inhabitant of the District of Columbia, became his bail. Judgment having been rendered in the county court of Philadelphia against the said John Okely, in the suit in which the said Sharpless was bail, he took a bail-piece from that court, and came to the county of Washington, in the District of Columbia, and on the 6th of January, 1817, showed the said bail-piece to the said John Okely, and took him into.

[1] [Reported by Hon. William Cranch, Chief Judge.]

his custody, and required him to go to Philadelphia county aforesaid, to be there surrendered according to the laws of Pennsylvania, in discharge of the said Sharpless as his bail. The said Okely promised to settle the business, and upon the faith of that promise, the said Sharpless refrained from taking the said Okely away by actual force, but left him in his, the said Okely's, own house; after which, on the same day, the said Okely gave notice to the said Knowles, his other bail, of the said demand of the said Sharpless, and the said Knowles, being then at court and engaged as a juror in the trial of a cause in the circuit court of the District of Columbia, the counsel of the said Knowles directed the said Okely to apply to the clerk of the said court for a bail-piece; who issued the same; which being delivered to the said Okely, he afterwards, on the same 6th day of January, 1817, delivered it to the said Knowles, who thereupon took the said Okely into his custody, as bail as aforesaid, but did not actually confine the said Okely, but permitted him to return and remain at his own house in the county of Washington aforesaid. On the morning of the 8th of January, 1817, the said Sharpless called at the said Okely's house with a carriage and two assistants, and took the said Okely into his custody, and informed him that he should compel him to go with him to Philadelphia, for the purpose of surrendering him there, in his discharge as aforesaid. While the said Okely was thus in custody of the said Sharpless, the said Knowles, being sent for by Okely, came and claimed him as being in his custody, as bail as aforesaid, and gave the said Sharpless a written notice thereof. Whereupon the said Sharpless agreed with the said Okely and Knowles that he would carry the said Okely into the circuit court for the District of Columbia, then in session in the county of Washington, that the said court might decide whether he was lawfully in custody of the said Sharpless, or not; and accordingly brought the said Okely into the court-room, the said Knowles being permitted by the said Sharpless to accompany them in the same carriage, and entering the court-room at the same time. While the parties were thus in the court-room, the said Knowles, by his counsel, stated to the court that he offered to surrender the said Okely to the custody of the marshal, in discharge of the said Knowles, as bail of the said Okely, in the suit aforesaid; to which surrender the said Sharpless objected, contending that the said Okely was lawfully in his custody, as his bail, in manner aforesaid. Whereupon (the court taking time to advise,) the said Okely was, by consent of the parties aforesaid, and by order of the court, committed to the custody of the marshal of the District of Columbia, for safe keeping, without prejudice to the rights of the contending parties, until the court should be advised thereon. But the court, after hearing the argument of

counsel, and taking time to consider thereupon, ordered and directed the marshal of the district to deliver the said John Okely into the custody of the said Jesse Sharpless. And the marshal having represented to this court, that since the said Okely was brought into this court as aforesaid, and while he was remaining in custody of the said marshal for safe keeping as herein stated, by the court with the consent of the parties, a writ had been put into his hands by one Alpheus J. Hyatt, against the said Okely, and having prayed the direction of the court as to the service of the said writ under said circumstances, the court were of opinion, and so directed the said marshal, that the said Okely could not lawfully be arrested under such writ, and that, notwithstanding such writ, the said Okely should be delivered up by him, as above ordered, to the said Sharpless."

In the argument, Mr. Jones, for Knowles, cited 1 Tidd. Prac. 190; 7 Mod. 231; Ex parte Gibbons, 1 Atk. 239; Marshall v. Vincent, Moore, 400; Trinder v. Shirley, 1 Doug. 45; Merrick v. Vaucher, 6 Term R. 50; Wood v. Mitchell, Id. 247; Postell v. Williams, 7 Term R. 517; Cathcart v. Cannon, 1 Johns. Cas. 28; and Biggnell v. Forrest, 2 Johns. 482; and contended that bail was only the substitute for the actual walls of the jail. That the party is still in custody, and is at liberty only at the will of the bail. That Okely was in custody of the law as much as if he had been in the keeping of the marshal, and that foreign bail had no more right to take the prisoner from the custody of his bail, than to take him out of the walls of the prison. And that Sharpless would be exonerated by the impossibility of having the defendant at the court in Philadelphia, when he was in custody of the law in this district.

Mr. Key, contra, cited the constitution of the United States, and contended that Sharpless had the prior right. That in other respects their rights were equal. That the states are not foreign to each other; and that the citizens of each state are entitled to all privileges and immunities of citizens in the several states. That Sharpless has the same right to take Okely and surrender him as if he had been his bail in this district. That if this were not the case, bail would never be safe, as the debtor might slip away into another state and procure himself to be arrested and held to bail there, and so from time to time during his whole lifetime.

THE COURT (CRANCH, Chief Judge, contra) was of opinion that Sharpless had such a right to the person of Okely as to prevent Knowles from surrendering him in discharge of himself.

CRANCH, Chief Judge, was of opinion that Okely was in the custody of his bail here, who had a right to hold him, and surrender him. When the laws of two states come in conflict, the laws of the state, in which the parties are, must prevail.